## OHIO CASUALTY INSURANCE CO et v McQUOWN

Ohio Appeals, 3rd Dist, Hardin Co

No 253.  Decided Jan 25, 1933

Eugene Rhinefrank, Toledo, for plaintiff in error.
Henderson & Kaylor, Kenton, for defendant in error.

124

KLINGER, J.

This form of pleading makes it somewhat difficult to understand whether he sought to recover a lump sum, as contended for in the original written contract, or whether he was abandoning the original written contract and seeking to recover under the verbal contract made sometime in the month of July, 1930.

The pleadings and the evidence are somewhat confusing. However, the trial court submitted both the propositions to the jury, and it is undisputed that the labor and material were furnished by McQuown and he is entitled to be paid therefor. If the contention of McQuown that he should recover the lump sum as provided for in the original written contract is correct then the verdict returned by the jury is not sufficient.

Our interpretation of the pleadings does not agree with the claim of counsel for plaintiff in error, that the suit in the court below was not premised upon the original written contract. On the contrary, we believe that it was premised upon the original written contract, and the verdict of the jury, under the court's charge, is based upon this original written contract, together with its modifications.

Plaintiff pleaded a contract in writing whereunder, for materials and labor to be furnished by him, defendant Van Wagner Construction Company a partnership, subsequently a bankrupt, was to pay $4724.10, and that he performed his part of the contract in accordance with modifications.

He also pleaded that the construction company and he changed that contract by an oral agreement, so that he was to be paid on a basis differing from the amount he was to receive under the written contract, for what he had done before the modification of the written contract and what he would do under the oral contract, such compensation to be the reasonable value of the materials and labor.

The pleading of the construction company by its trustee in bankruptcy, and of the defendant surety, was a denial of any contract with the plaintiff, but the testimony offered in behalf of the defendants showed the existence of the written contract as pleaded by plaintiff, and tended to disprove any oral contract. Defendants' testimony also tended to prove that sheets in duplicate, showing prices based on quantities, were intended by the parties to be a part of the written contract, which sheets indicate unit prices.

The written contract was in reality a sub-contract, the subjects of which were covered by an agreement between the construction company and the State of Ohio for the building of highway improvements. That agreement was not introduced in evidence nor is there any proof of its contents beyond some testimony to the effect that the state had the right to modify the plans and specifications which were part of the agreement, subject to the unit price method of payment.

The plans and specifications which were a part of the contract with the state, were not introduced in evidence, unless certain blueprints which were introduced, constituted the plans or specifications or both.

There was a general verdict for plaintiff, and there were no special findings by the jury. The verdict was in an amount very much less than plaintiff would have been

entitled to upon the basis on the lump sum of $4724.10 named in the written contract, after deducting the payments which the weight of all the evidence shows were made to him.

It is extremely doubtful whether there is any evidence at all which tends to prove that the oral contract pleaded by plaintiff was entered into, but in view of the fact that all the proof introduced by the defendants on the subject, tended to establish the written contract pleaded by plaintiff, it is unnecessary to decide whether there is any evidence tending to prove the pleaded oral contract.

We will therefore treat the position of the plaintiff in error, as being that the only contract was the written one.

The real issue, plainly apparent from a most careful reading of the bill of exceptions, so far as what the contract actually was, is concerned, was whether the duplicate sheets showing prices based on quantities, were or were not a part of the written contract. On this point the evidence was in direct conflict and of such character that the finding which this court must conclusively presume the jury to have made in favor of the plaintiff thereon, is not against the weight of the evidence.

Of course plaintiff in error can have no relief against errors unless they are harmful to it; that is to say, unless they prejudiced its rights. The written contract, if it did not embrace the sheets we have mentioned, entitled plaintiff to recover the amount of $4724.10, minus the payments, which would be much more than the amount of the verdict in his favor.

Because of this situation, none of the errors complained of in the admission and rejection of evidence, or in the charge of the court, or in any other respect, can be adjudged prejudicial.

For the foregoing reasons, the judgment of the Court of Common Pleas will be affirmed.

Before

JUDGES CROW, KLINGER and KINDER.